## TOLEDO, PEORIA AND WARSAW RAILWAY CO.

*v.*

## HENRY SIEBERNS, Administrator of Morberly, deceased.

FENCING RAILROADS—*where the local proprietors build the fence under the act of* 1869. In an action of debt against a railroad company, brought under the statute of 1869, to recover the price of a fence built by the plaintiff along the line of the defendant's right of way where the same crossed the premises of the plaintiff, it appeared the plaintiff had given the defendant notice, in conformity with the provisions of the statute, to build a certain line of fence, and the company having failed to build any of the fence within the time allowed, the plaintiff built one-half of the same and brought his suit for the price: *Held*, that the failure of the plaintiff to build the other half of the fence described in the notice, did not affect his right to recover for the portion he did build. It being the duty of the company, in such case, in the first place, to build the fence, if they fail to do so they ought to be required to pay for the same as fast as any considerable portion of the work is completed.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. INGERSOLL & McCUNE, for the appellants.

Messrs. WILLIAMS & BURR, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of debt, brought under the statute of 1869 by Morberly, in his lifetime, to recover from the appellants the price of a certain fence built by him along the line of appellants' railway.

The statute provides that when a railroad corporation neglects to fence its track as required by law, the owner of the adjoining land may give the corporation 60 days notice to build such fence, and in case the company fail or neglect to

build the fence within the period fixed by the notice, the owner of the land may build the fence and recover the value thereof from the corporation or party operating the road.

In conformity with the provisions of this statute, Morberly gave the appellants notice to build a fence on both sides of their right of way where the same crosses certain lands described in the notice. The appellants having failed to build any portion of the fence, Morberly proceeded to and did build one-half of the fence specified in the notice, viz: 124½ rods on the south line of the right of way; and then this suit was instituted to recover for the price and value of the same.

It is insisted that because Morberly did not build all the fence specified in the notice, he can not recover for the portion he did build.

We can see no force in this objection. It was the duty of the appellants, in the first place, to build the fence, and having failed to do so, they ought to be required to pay for it as fast as any considerable portion of the work is completed. This is the reasonable construction of the statute on this subject. It imposes no hardship on the company. They receive the benefit of the work as fast as the same is completed, and no reason is perceived why they should not pay for it as fast as the work progresses.

In this case the appellee only recovered for the amount of the work actually done under the notice, before the suit was instituted, and the judgment must be affirmed.

*Judgment affirmed.*